```
IN THE UNITED STATES DISTRICT COURT
       DISTRICT OF SOUTH CAROLINA
             FLORENCE DIVISION
```

| | |
|---|---|
| DENISE L. BRUNSON o/b/o ) | |
| J.S.B., a minor, ) | Civil Action No. 4:09-CV-1911-MBS-TER |
| ) | |
| Plaintiff, ) | |
| ) | REPORT AND RECOMMENDATION |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for Supplemental Security Income.

Defendant filed a motion to dismiss asserting that Plaintiff's cause of action should be dismissed for failure to commence her civil action within the statute of limitations provided for in Section 205(g) of the Social Security Act, 42 U.S.C. §405(g). (Doc. #5). On March 8, 2010, Plaintiff filed a motion for extension to respond to said motion. The extension was granted and Plaintiff was given until March 26, 2010, to file a response. (Doc. #9). Plaintiff failed to file a response. This motion is currently before the court and this case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

## I. PROCEDURAL HISTORY

Plaintiff filed an action with the Social Security Administration on behalf of her minor son. (Complaint). A Final Decision was reached by the Appeals Council on March 27, 2009. (Id.). Plaintiff requested additional time to file a civil action. (Id.). A thirty day extension was granted by the Appeals Council via letter dated June 4, 2009. (Id.). Plaintiff did not file this action until July 20, 2009.

Defendant attached a copy of the Final Decision by the Appeals Council dated March 27, 2009, which Plaintiff referenced in her complaint. In this Notice, the Appeals Council notified Plaintiff that it was denying her request for review, and that she had 60 days to commence a civil action in the United States District Court. The ALJ's decision became the "final" decision of the Commissioner when the Appeals Council denied review. *See* 20 C.F.R. § 404.981 (2009).

As Plaintiff stated in her complaint, the Appeals Council sent notice to Plaintiff on June 4, 2009, granting her request for an additional 30 days to file suit. (See Notice attached to Defendant's Motion to Dismiss). The notice also informed Plaintiff that it would assume she received the notice within five days of the date on it unless she could show she did not receive it within the five-day period. (Id.). Taking the full five-day period into account, Plaintiff's deadline for commencing a civil action was no later than July 9, 2009. Based on Plaintiff's complaint and Defendant's motion to dismiss, Plaintiff made no further requests for an extension of time to file a civil suit. Plaintiff filed a Complaint with the United States District Court for the District of South Carolina on July 20, 2009.

## II. ANALYSIS

Defendant asserts this action should be dismissed for failure to commence this civil action within the statute of limitations provided for in section 205(g) of the Social Security Act. Specifically, Defendant argues that Plaintiff's complaint is barred because she did not file her complaint within the time allotted by the statute of limitations.

Under the Social Security Act, a claimant may seek judicial review of a final decision of the Commissioner "by a civil action commenced within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g); see also 20 C.F.R. §§ 404.981; 416.1481; 422.210(c). A claimant is presumed to have received notice of the Appeals Council's decision "5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c).

The Appeals Council denied Plaintiff's request for review on March 27, 2009, and Plaintiff presumably received notice of that decision within five days. (Complaint). Plaintiff's motion for an additional thirty days to file suit was granted by the Appeals Council on June 4, 2009. (Id). Taking into account the five day period to receive notice, Plaintiff's complaint was due to be filed no later

2

than July 9, 2009. Plaintiff did not file this action in the United States District Court until July 20, 2009.[1]

The sixty-day time for appeal is a statute of limitations and accordingly is "a condition on the waiver of sovereign immunity [which] must be strictly construed." Bowen v. City of New York, 476 U.S. 467, 479, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). However, because § 405(g) is "unusually protective of claimants," a court may equitably toll the statute of limitations period "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." Id. at 480 (internal quotations omitted). The Fourth Circuit has cautioned that tolling the limitations period "will rarely be appropriate." Hyatt v. Heckler, 807 F.2d 376, 378 (4th Cir.1986).

There has been no further request for an additional extension or showing by the Plaintiff of any extraordinary circumstances or equities that warrant tolling in this case. Plaintiff was given a thirty (30) day extension by the Appeals Council and still did not timely file this action. Plaintiff did not file a response to the motion to dismiss. However, in the complaint, Plaintiff alleges that after receiving the June 4, 2009, letter from the Appeals Council granting her request for a thirty day extension, Plaintiff called a non-attorney representative for assistance and faxed her June 4, 2009, letter to said non-attorney on June 19, 2009. (Complaint). The non-attorney representative agreed to help Plaintiff by finding an attorney to help her. (Id.). Her present attorney agreed to file this civil action for Plaintiff and on June 19, 2009, was made aware of Plaintiff's need to file a civil action. (Id.). However, this action was not filed until July 20, 2009. Accordingly, the equities that favor tolling the limitations period are not "so great that deference to the agency's judgment is inappropriate." Hyatt, 807 F.2d at 380 (*citing* Bowen v. City of New York, 106 S.Ct. at 2030).[2]

---

[1] As previously stated, Plaintiff did not file a response to the motion to dismiss.

[2] Plaintiff has failed to make any showing of equitable tolling. Even if she could make a showing of excusable neglect, principles of equitable tolling do not extend to garden variety claims of excusable neglect. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that Defendant's Motion to Dismiss be GRANTED and that Plaintiff's Complaint be DISMISSED as untimely under 42 U.S.C. § 402(g).

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 16, 2010
Florence, South Carolina